## W. E. Dupree et al. v. J. H. Estelle.

### No. 6272.

1. **Trial by Court—Exclusion of Testimony.**—In a trial before the court where the testimony is contradictory and nearly balanced the exclusion of testimony slightly corroborating the losing party will be sufficient ground for reversal—the testimony to the controlling fact being confined to the parties, one swearing to the fact and the other denying.

2. **Adjusting Equities upon Establishing Trust.**—In adjusting the rights of parties upon the establishment of a trust in a house and lot, on the one side the plaintiff seeking to recover the property should be charged with all money advanced upon the land, taxes, insurance, and necessary repairs, and the defendant should be charged with all rents collected; balances bearing eight per cent interest.

Appeal from McLennan. Tried below before Hon. J. R. Dickinson, special district judge.

This is an appeal from a judgment and decree in favor of appellee establishing a trust in his favor in a house and lot in the town of Waco.

Suit was filed February 23, 1885. The petition alleged that January 19, 1882, the house and lot, then the property of plaintiff, was advertised for sale by —— Rogers, a trustee under a trust deed. That Jesse Estelle, father of plaintiff and acting for him, on that day agreed and contracted with W. E. Dupree that upon plaintiff furnishing $200, all the money he could raise, to Dupree, the latter was to buy in the house and lot at the trust sale, take deed in his own name, and hold same until next fall, when plaintiff was to have the house and lot reconveyed to him upon payment to Dupree of the money he should advance in the purchase and $100 additional for accommodation, etc. It was alleged that plaintiff borrowed the $200 for the purpose, and that it was delivered to Dupree under the agreement; that Dupree bid in the property at $413 and took the deed in the name of his wife. The defendants Dupree and wife claimed that the purchase was made with the separate money of the wife, denied the trust, and alleged matters in estoppel.

The decree gave the lots to the plaintiff, but established $265 against it, for which judgment was rendered for defendants, ordering sale of the

property to satisfy, etc. The testimony was conflicting. Other matters necessary to understand the opinion are contained in it.

*Prather & Lindsey,* for appellants. — 1. The court erred in refusing to allow the witness Prather—after he had in reply to a question propounded by appellee's counsel testified that he had told W. E. Dupree just before the trustee's sale took place, in reply to a question of said Dupree if certain things were done what would be the effect, that the effect would be only to create a mortgage—to state that said Dupree replied, "If that is the case I will have nothing to do with it" (meaning an arrangement with appellee to purchase the property at trustee's sale).

2. It was error in the court to render judgment for the plaintiff (appellee) when he failed to show even by preponderance of testimony that there was any trust in his favor attached to the conveyance to the defendant W. E. Dupree, appellant, to said land, or that said land should in any way be held in trust for him, or that said conveyance should in any way be held as a mortgage or deed of trust, when in point of fact the law requires plaintiff should establish these things by clear and convincing proof. 9 Texas, 484; 16 Texas, 278; 21 Texas, 219; 47 Texas, 28.

GAINES, ASSOCIATE JUSTICE.—Upon consideration of the motion for a rehearing in this case we are of opinion that it should be granted and that the judgment should be reversed and the cause remanded.

The appellants' first assignment of error was not discussed in the former opinion. We now conclude that that assignment was well taken. It calls in question the correctness of the ruling of the court below in rejecting certain testimony offered by appellants. The main question in the case was whether or not Dupree had before the sale of the property in controversy by the trustee agreed with appellee that he would purchase it and convey it to the latter upon payment of the purchase money and $100 for the use of his money and his services. The father of appellee testified that he acted for his son in the transaction and made the agreement as just stated. The appellant testified on his own behalf, admitting in effect that J. Y. Estelle made the proposition to him, but stated that after having been advised by counsel that the transaction would be but a mortgage he declined to accede to the proposal, and then bought the property on his own account or that of his wife, taking the deed to her. These were the only witnesses who swore to any direct knowledge of the transaction in controversy. Such being the state of the case W. L. Prather, Esq., a witness for appellant, was asked upon cross-examination "whether or not on the day of the sale of the property in question and before the sale thereof W. E. Dupree came to him and consulted with him as to what effect certain things if done (but which certain things witness did not remember definitely enough to state) would

have; that he (Prather) thereupon told said W. E. Dupree that it would only be a mortgage." After stating this part of said conversation counsel for appellants asked said witness Prather what reply said W. E. Dupree made thereto. To this question appellee's counsel objected on the ground that appellant W. E. Dupree could not make evidence for himself by his own admission, and the court sustained said objection, to which ruling of the court appellants' counsel excepted.

The bill of exceptions shows that if permitted the witness would have answered that he (Dupree) replied to Prather that "if such was the case he would have nothing to do with it." The plaintiffs having drawn out a part of the conversation the defendant was entitled to introduce in evidence the whole conversation if it contained matter relevant to the issue. We think the testimony was material. There was a direct conflict of evidence upon the main issue. The testimony elicited by the cross-examination of Prather tended to corroborate the plaintiffs' witness by showing that a very short time before the sale Dupree had under consideration the proposition submitted to him by the father of the plaintiff. His reply to Prather tended to show not necessarily that he did not subsequently make the agreement, but that at the time of the conversation he abandoned the thought of accepting the proposition made him. This tended to corroborate his testimony that he never acceded to the proposition. It was but a circumstance to which the court who tried the facts may have attached little weight if it had been admitted. Nevertheless it was competent evidence and the defendants were entitled to the benefit of it. It is not for us to say what weight the trial judge may have given it if he had felt at liberty to consider it, and hence its exclusion must be held reversible error.

We deem it unnecessary to enter into any discussion of the amount adjudged below in favor of appellants. But having carefully considered the question of account between the parties in the event the plaintiff should be entitled to recover, we think it proper to announce the result of our deliberations for the guidance of the court below upon another trial. The contract alleged in the petition and that sworn to by the only witness who testified as to its terms are not precisely the same. Our remarks will be predicated upon the contract shown in the testimony. The witness testified as to this matter as follows: "The agreement was we were to let him have the $200 we had and he was to pay the balance and hold the property and collect the rents and give us credit for the same until next fall, to give us a chance to make a crop and pay him back; and he said he would charge us $100 for doing this. That was to pay him for accommodating us and giving us a chance to redeem the property." In the event the plaintiff should again recover he should be charged with the amount advanced by Dupree with the $100 promised to be paid for the accommodation, and with all sums paid by Dupree for

necessary repairs, taxes, and insurance. Dupree should be charged with all rents actually received by him.

We construe the contract to mean that the $100 was to pay Dupree for his trouble and cover the interest on the advance until the latter should fall due. No interest should therefore be charged on either side of the account until the debt matured. After this interest at the rate of eight per cent per annum should be allowed upon each item of debits and credits. Should the defendants be again cast in the suit, Dupree should have a judgment for the balance in his favor if any shown by an account so stated and should have a lien upon the lot for its enforcement. The appellee having had credit for the $200 deposited in another transaction should be held to account for the whole of the purchase money bid at the trustee's sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion January 29, 1889.

On motion for rehearing transferred from Tyler.